1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alejandro E. Figueroa
Attorney Email Address: afigueroa@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Robert W. Cooper,<br><br>        Plaintiff,<br><br>v.<br><br>Valor Intelligent Processing, LLC,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") UNDER 15 U.S.C. § 1692 *ET SEQ.;***<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") UNDER 47 U.S.C. § 227 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW comes ROBERT W. COOPER ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of VALOR INTELLIGENT PROCESSING, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* for Defendant's unlawful conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Arizona and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

**PARTIES**

4.   Plaintiff is a consumer over 18 years of age and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff resides in Huachuca City, Arizona, which is located within the District of Arizona.

5.   Defendant is a third party debt collector that claims to help "businesses recover the money they are owed in a professional and ethical manner."[1] Defendant is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 8 The Green, Number 8407, Dover, Delaware.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action arises out Defendant's attempts to collect on medical bills ("subject debts") Plaintiff allegedly owed.

8.   Upon information and belief, the subject debts stem from Plaintiff's past visit to a hospital ER.

---

[1] https://www.valorvip.com/about/

2

9.   Upon information and belief, after Plaintiff's purported default, the subject debt was turned over to Defendant for collections purposes.

10. In approximately late spring/early summer 2021, Defendant started calling Plaintiff at his cellular number, (520) XXX-9253, to collect on the subject debts.

11.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9253.   Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.   Defendant has used a variety of numbers when placing calls to Plaintiff's cellular phone, including but not limited to (520) 244-3417, (602) 542-5763, (520) 526-0814, but upon information and belief, Defendant has called under other numbers as well.

13.   Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14.   During the first call Plaintiff received from Defendant, Plaintiff answered; however, rather than a live person being on the other end of the line, Plaintiff experienced silence and dead air before being hung up on by Defendant.

15.   Plaintiff then contacted Defendant at the number he received the call from.

16.   Upon speaking with Defendant, Plaintiff was informed that Defendant was calling seeking to collect upon the subject debt.

17.   Plaintiff was frustrated with the nature of Defendant's placement of phone calls only to be hung up on, thus resulting in Plaintiff demanding that Defendant cease calling his cellular phone.

18.   Despite Plaintiff's clear demands, the very next day, Plaintiff received even more calls from Defendant.

3

19.  Plaintiff was forced to reiterate his demands that Defendant cease calling his cellular phone, but Defendant nevertheless continued placing relentless phone calls to Plaintiff's cellular phone.

20.  Due to the voluminous calls, Plaintiff was compelled to block Defendant's number.

21.  Undeterred, Defendant then began calling him using different numbers in an effort to hide the source of its calls.

22.  Plaintiff was again forced to demand that Defendant cease calling his cellular phone.

23.  Defendant apologized for the calling and stated that Plaintiff was "good for now."

24.  Despite its own statement, Defendant kept on calling Plaintiff.

25.  Defendant also left pre-recorded messages on Plaintiff's cellular phone after Plaintiff explicitly demanded its phone calls cease.

26.  Plaintiff has received no less than 50 phone calls from Defendant since he demanded it to stop calling.

27.  Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

28.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30.  Plaintiff repeats and alleges paragraphs 1 through 29 as though fully set forth herein.

4

31.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

32.  Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33.  Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

34.  The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA § 1692c(a)(1) and § 1692d**

35.  The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36.  Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in defiance of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

37.  Defendant was notified by Plaintiff more than once that its calls were not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

**b.  Violations of FDCPA § 1692e**

38.  The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

5

39.  In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

40.  Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt. In spite of Plaintiff's explicit demand, Defendant continued to contact Plaintiff. Through its endless calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

41.  Defendant also violated the above subsections when it continued to call Plaintiff despite its own statement to Plaintiff, along with, an apology that Plaintiff was good for now. Such conduct deceptively suggested to Plaintiff that Defendant's phone calls would cease, yet Defendant nevertheless continued contacting Plaintiff.

**c.  Violations of FDCPA § 1692f**

42.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43.  Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

44.  As pled in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff ROBERT W. COOPER respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt;

f.  Ordering Defendant to delete the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45.  Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

47.  Plaintiff explicitly revoked consent to be contacted at his cellular number. As such, any consent Plaintiff may have given in connection with the subject debts, which Defendant will likely assert transferred down, was explicitly revoked by Plaintiff's demands that Defendant cease calling.

48.  Defendant still sent automated and unwanted pre-recorded messages to Plaintiff's cellular phone despite Plaintiff's nonconsent, which is a violation of TCPA.

49.  The pre-recorded messages Defendant sent to Plaintiff was for debt collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

50.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call/text.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

7

WHEREFORE, Plaintiff ROBERT W. COOPER respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c.   Awarding Plaintiff costs and reasonable attorney fees;

    d.   Enjoining Defendant from further contacting Plaintiff for payment of the subject debt; and

    e.   Awarding any other relief as the Court deems just and appropriate.

Dated: July 21, 2021

Respectfully submitted,

By: /s/ Alejandro E.Figueroa
*Pro Hac Vice Application Pending*
Alejandro E. Figueroa
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7648
Facsimile: (630) 575-8188
Email: afigueroa@sulaimanlaw.com